UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LYNN MARIE CONNOLLY,

        Plaintiff,

vs.                                                    Case No. 12-12517

DEUTSCHE BANK NATIONAL TRUST                           HON. AVERN COHN
COMPANY AS TRUSTEE FOR CERTIFICATE
HOLDERS FOR QUEST TRUST 2006-X2,
ASSET BACKED SECURITIES, SERIES-X-2,

        Defendant.
_____/


**MEMORANDUM AND ORDER DENYING
PLAINTIFFS' MOTION TO AMEND COMPLAINT (Doc. 7)[1]**

**I. Introduction**

        This is another one of many cases pending in this district involving a default on a

mortgage and subsequent foreclosure proceedings.  Plaintiff Lynn Marie Connolly has

filed a complaint naming Deutsche Bank National Trust Company (Bank) as Trustee for

Certificate Holders for Quest Trust 2006-X2, Asset Backed Securities, Series-X2 as

defendant.  The complaint asserts the following claims:

        Count II[2]        Declaratory Judgment/wrongful Foreclosure

        Count III        Quiet Title

_____

        [1]Although originally scheduled for hearing, the Court deems this matter
appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich.
LR 7.1(f)(2).

        [2]Count I contains only jurisdictional allegations.

Count IV      Slander of Title

Count V       Violation of M.C.L. § 600.3205(a)

Count VI      Violation of M.C.L. § 400.91019(1)(c)

Before the Court is the plaintiff's motion to amend the complaint in which they seeks to amend their existing claims and to add the following three claims:

Count VII     "Manipulation of Libor Rate"

Count VIII    Tortious Interference with Redemption Rights

Count IX     Abuse of Process and Fraud by Concealment

Defendant opposes the motion on the grounds that amendment would be futile because the new claims asserted in the proposed amended complaint cannot withstand a motion to dismiss.  The Court agrees.  As such, the motion will be denied.

## II.  Background

This case concerns real property located at 6500 Bentley Lake Road, Whitmore Lake, Michigan.  On October 24, 2002, plaintiff received a $333,000.00 loan from Ameriquest Mortgage Company (Ameriquest) to finance the purchase of the property. Plaintiff signed a note evidencing the loan.  Plaintiff also granted Ameriquest a mortgage on the property.  On January 15, 2009, Ameriquest assigned its interest in the mortgage to the Bank.  On May 9, 2009, a second assignment was made from the Bank to the Bank as Trustee.  All of these documents were recorded.

Plaintiff defaulted on the loan by not making payments.  Defendant initiated foreclosure proceedings.  On May 12, 2010 the Bank purchased the property at a Sheriff's sale for $108.750.00.

On December 1, 2010, an Affidavit Expunging the May 12, 2010 Sheriff's Deed

2

on Mortgage Sale was executed and later recorded on December 8, 2010.  The affidavit states that the sheriff's deed must be expunged because the sheriff's sale was "inadvertently held."

On December 9, 2010, a third assignment of the mortgage was recorded from the Bank as Trustee to the Bank as Trustee for different asset backed securities, who is named as the defendant in this case.  The third assignment was recorded.

Plaintiff continued to default on her loan obligations.  Defendant again initiated foreclosure proceedings.  On May 18, 2011, nearly a year after the first sale, a second sheriff's sale was held.  Defendant purchased the property at the sale for $172,000.

On April 24, 2012, prior to the expiration of the redemption period, plaintiff filed a complaint in state court.

On May 18, 2012, plaintiff's right to redeem the property expired.  Plaintiff failed to redeem.

On June 11, 2012, defendant removed the case to federal court.

On July 17, 2012, the Court held a status conference with the parties at which plaintiff's counsel stated a desire to file an amended complaint.  The Court then issued a order setting deadlines for the filing of a motion to amend (Doc. 6).

### III.  Legal Standard

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party; and leave to amend pleadings "shall be freely given when justice so requires."  The decision whether or not to permit the amendment is committed to the discretion of the trial court.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v.

3

Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980).  This discretion, however, is

"limited by Fed.R.Civ.P. 15(a)'s liberal policy of permitting amendments to ensure the

determination of claims on their merits."  See Marks v. Shell Oil Co., 830 F.2d 68, 69

(6th Cir. 1987) (citation omitted).  In determining whether to permit amendment, some of

the factors which may be considered by the district court are undue "delay in filing, lack

of notice to the opposing party, bad faith by the moving party, repeated failure to cure

deficiencies by previous amendments, undue prejudice to the opposing party, and

futility of amendment."  Hageman v. Signal L.P. Gas, Inc. 486 F.2d 479, 484 (6th Cir.

1973).  See also Foman v. Davis, 371 U.S. 178, 182 (1962).  Delay by itself is not

sufficient to deny a motion to amend.  Hageman, 486 F.2d at 484.  See also General

Elec. Co. v. Sargent & Lundy 916 F.2d 1119, 1130 (6th Cir. 1990).

Defendant argues that amendment is improper because it would be futile.  A

proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6)

motion to dismiss.  Thiokol Corp. v. Department of Treasury, State of Michigan,

Revenue Div., 987 F.2d 376, 382-83 (6th Cir. 1993).  Thus, it is appropriate to set forth

the standard for a Rule 12(b)(6) motion.  A motion to dismiss under Fed. R. Civ. P.

12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss,

the complaint's "factual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all of the allegations in the complaint are true."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland

Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).  The court is

"not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

4

Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiff's claims.

**V.  Analysis**

In order to determine whether amendment is proper, each new claim of the proposed amended complaint must be considered to determine whether they are

viable.[3]  Each claim is addressed in turn.

## A.  Count VII - Manipulation of LIBOR rate

Proposed Count VII alleges "manipulation of LIBOR rate."  Plaintiff alleges that the LIBOR[4] used to calculate her adjustable rate mortgage was "calculated and set by Barclays's of England and adopted as the base rate by Defendant and Defendant's predecessor's in interest and used to calculated the Plaintiff's adjustable rage as it was modified and adjusted over the term of the loan."  Proposed Amended Complaint at ¶ 10.  Plaintiff also alleges she was a "victim" to "interest rate manipulation fraud."

As defendant points out, these allegations fail to state a plausible claim for relief. Fraud allegations must meet the heightened pleading requirements under Fed. R. Civ. P. 9(b).  The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.  See Yuhasz v. Brush Welman, Inc., 341 F.3d 559, 563 (6th Cir. 2003).  A review of the proposed amended complaint shows plaintiff has not alleged any of these

---

[3]Defendant argues that plaintiff should not be permitted to amend her complaint because she can no longer challenge any aspect of the foreclosure due to the fact that the redemption period has expired.  The Court declines to address this argument at this time, however well-taken it may be.  The Court also declines to address defendant's argument that plaintiff's claims are barred by laches.

[4]The LIBOR, or "London Interbank Offered Rate" has been defined as "[a]n interest rate at which banks can borrow funds, in marketable size, from other banks in the London interbank market."
See http://www.investopedia.com/terms/l/libor.asp#axzz28FeCUbvm (Last visited Oct. 3, 2012)

6

as to defendant. .Plaintiff does not allege how the interest rate was manipulated, the time periods in which it was manipulated, whether plaintiff suffered damages as a result of the alleged manipulation or what those damages would be.  Moreover, the allegations appear to be that Barclays Bank, not defendant, manipulated the LIBOR.  Plaintiff's allegation that defendant knew or should have known that the LIBOR had been manipulated is not sufficient.  Thus, plaintiff is not entitled to leave to amend to asset a claim for manipulation of LIBOR.[5]

### B.  Count VIII - Tortious Interference with Redemption Rights

Count VIII alleges that defendant interfered with her redemption rights by recording the affidavit expunging the May 5, 2010 sheriff's sale and later bidding a higher amount at a sheriff's sale held a year later on May 18, 2011.  This claim is precluded by the rule that prevents pursuing a tort remedy when the parties' relationship is governed by a contract and plaintiff has not alleged defendant breached any duties independent of the contract. The Michigan Supreme Court has held that in "tort actions based on a contract," courts should use a " 'separate and distinct mode of analysis." Fultz v. Union–Commerce Assoc., 470 Mich. 460, 467 (2004).  Specifically, the court held: "[T]he threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie."  Id.  See also Hart v. Ludwig, 347

---

[5]Having concluded that the allegations in the proposed amended complaint fail to state a claim for relief, it is not necessary to address defendant's argument that a claim based on LIBOR rates is an inappropriate extraterritorial application of United States law or other arguments on this claim.

Mich. 559, 565–66 (1956) (holding that to maintain an action in tort, there must be a breach of a legal duty separate and distinct from the breach of a legal duty that arises by contract). If the court determines that the defendant did not owe the plaintiff a duty, dismissal of the complaint is proper. Ross v. Glaser, 220 Mich.App. 183, 186, 559 N.W.2d 331 (1997).

The Court agrees with defendant that plaintiff's tort claim is barred by the parties' express written agreements. Plaintiff has not alleged that defendant owed her a duty that is separate and distinct from its contractual obligations. Rather, plaintiff's allegations relate to defendant's duties that arise, if at all, based on the note and mortgage. Thus, it would be futile to permit amendment to assert the claim under Count VIII.

### C.  Count IX - Abuse of Process and Fraud by Concealment

In Count IX, plaintiff alleges an abuse of process regarding the May 18, 2011 sheriff's sale, contending that defendant's purposed failure to notify the sheriff of the prior sale of May 5, 2010 was "a clear breach of duty, was dishonest and was intended to abuse the foreclosure process." Proposed Amended Complaint at ¶ 130.

The Michigan Supreme Court defined the tort of abuse of process as "the willful and fraudulent use of a valid legal process to obtain a result the law did not intend." Moore v. Michigan National Bank, 368 Mich. 71, 74; 117 NW2d 105 (1962). The Michigan Court of Appeals has stated that the essential elements of an action for abuse of process are: (1) the existence of an ulterior purpose and (2) an act in the use of the process not proper in the regular conduct or prosecution of the case. Rowbotham v.

8

DAIIE, 69 Mich. App 142, 147, citing Spear v. Pendill, 164 Mich. 620 (1911).

This claim too fails to state a plausible claim for relief. First, it is far from clear whether a foreclosure by advertisement proceeding is a "legal proceeding" within the meaning of an abuse of process action. Second, even assuming it was, plaintiff does not allege any of the essential elements of the claim. Plaintiff does not allege that the purported abuse of process (the act of holding a second foreclosure sale) served to accomplish any purpose other than foreclosing on the property. Finally, as defendant argues, it would seem that any abuse of process claim regarding defendant's actions would have to be brought by the Livingston County Sheriff.

## VI. Conclusion

For the reasons stated above, none of the additional claims plaintiff seeks to assert in the proposed amended complaint would survive a motion to dismiss. Amendment, therefore, would be futile. Accordingly, plaintiff's motion to amend is DENIED.

SO ORDERED.


Dated: October 18, 2012            S/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 18, 2012, by electronic and/or ordinary mail.

                                   S/Julie Owens
                                   Case Manager, (313) 234-5160

9