UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN MARIE CONNOLLY,

    Plaintiff,

vs.                                                                                             Case No. 12-12517

DEUTSCHE BANK NATIONAL TRUST                                HON. AVERN COHN
COMPANY AS TRUSTEE FOR CERTIFICATE
HOLDERS FOR QUEST TRUST 2006-X2,
ASSET BACKED SECURITIES, SERIES-X-2,

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 35)

I.

In 2012, plaintiff Lynn Marie Connolly filed a complaint naming Deutsche Bank National Trust Company (Bank) as Trustee for Certificate Holders for Quest Trust 2006-X2, Asset Backed Securities, Series-X2 as defendant. Defendant filed a motion to dismiss or for summary judgment and plaintiff filed a motion for partial summary judgment. The Court granted defendant's motion, denied plaintiff's motion, and dismissed the case. (Doc. 31).

Before the Court is plaintiff's motion for reconsideration. (Doc. 35). Defendant, at the Court's request, filed a response. (Doc. 37). Plaintiff filed a reply. (Doc. 38). For the reasons that follow, the motion is DENIED.

II.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. A motion for

reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. E.D. Mich. LR 7.1(h)(3).

III.

Plaintiff has not satisfied this standard. Plaintiff's primary basis for reconsideration is that the Court indicated an incorrect redemption period as to the property in question. The Court stated that plaintiff failed to redeem the property within the six-month statutory redemption period. See Doc. 31 at p. 7. The correct redemption period for the property was one year. However, this erroneous statement does not warrant reconsideration. As defendant notes, it is undisputed that plaintiff failed to redeem the property within a year of the first foreclosure, on May 12, 2010, or within a year of the second foreclosure sale, on May 18, 2010. Thus, the use of the term "six-months" to describe the redemption period has no effect on the Court's finding that plaintiff failed to redeem the property before the redemption period expired. Plaintiff still failed to redeem. Therefore her claims are subject to the standard the Court applied which limits a plaintiff's ability to challenge a foreclosure proceedings once the redemption period has expired. See Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98 (2012).

Plaintiff's other arguments essentially repeat the arguments considered and rejected by the Court. Plaintiff challenges the effect of an affidavit rescinding the

foreclosure sale; however, the cases the Court relied on support the proposition that such an affidavit is valid. See Freund v. Trott & Trott, P.C., 2011 WL 5064248 (Mich. Ct. App. Oct. 25, 2011); Cordes v. Great Lakes Excavating & Equipt. Rental, Inc., 2012 WL 2052789 (Mich. Ct. App. June 7, 2012). Moreover, as explained in defendant's response, the case plaintiff cites in her motion for reconsideration, PHH Mortgage Corp, v. O'Neal, 2013 WL 3025566 (Mich. Ct. App. June 18, 2013), is inapposite. While there was an affidavit of recision filed in the PHH case, the court of appeals did not address th issue and did not find that the affidavit was invalid.

Finally, plaintiff still fails to present any argument that she was prejudiced by the foreclosure sale such that it should be set aside. See Kim, supra.

SO ORDERED.

     S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 16, 2013, by electronic and/or ordinary mail.

     S/Sakne Chami
Case Manager, (313) 234-5160